UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

J. BONAFEDE CO., INC.,

    Plaintiff-Appellant

VS.

**04-12334 RCL**

SENORITA FRUIT CORPORATION,

    Defendant-Appellee

MAGISTRATE JUDGE JGD

COMPLAINT-PETITION

RECEIPT # 59744
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. M.P.
DATE 11/3/2004

### Jurisdiction and Venue

1. Jurisdiction is based upon Section 7(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. 499a, et seq., (hereinafter the "PACA"), 7 U.S.C. 499g and 28 U.S.C. §§ 1331 and 1332.

2. Venue in this District is based upon 28 U.S.C. §§1391 in that the Plaintiff's claim arose in this District, the Plaintiff has its principal places of business or residence in this District and a substantial part of the events or omissions giving rise to the Plaintiffs' claims arose in this District.

### Parties

3. The Plaintiff-Appellant, J. Bonafede Co., Inc. is a Massachusetts corporation with an usual place of business in Chelsea, Suffolk County, Massachusetts engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereinafter

1

"Produce") in interstate commerce pursuant to the PACA ("Bonafede").

4. The Defendant-Appellant, Senorita Fruit Corporation is a New York corporation, which has or had a principal place of business in Bayside, New York ("Senorita") and is or was engaged in the business of buying and selling Produce in interstate commerce.

5. On or about May 2003, Bonafede and Senorita entered into an agreement pursuant to which two loads of organic bananas were to be imported and sold.

6. Senorita agreed to furnish the bananas for delivery to Bonafede in good order and condition.

7. Bonafede agreed to pay the freight since Bonafede had an account with the carrier and Senorita did not.

8. Bonafede and Senorita agreed to share the profit or loss arising after the payment of the transportation charges.

9. On or about May 2003 the bananas arrived in Chelsea, Massachusetts, but were not in good order and condition.

10. With the knowledge and consent of Senorita, Bonafede sold the bananas for the best price it could obtain.

11. Notwithstanding the efforts of Bonafede, the bananas were sold for less than the cost ascribed to them by Senorita and the cost of transportation.

12. On or about June 2003, Bonafede paid Senorita a sum representing the proceeds of sale, less freight charges, plus a portion of the alleged losses.

13. Senorita sought and obtained a Decision and Order from the Secretary of Agriculture (PACA Docket No. R-04-081) a copy of which is annexed hereto as Exhibit A.

14. Said Decision and Order is in error in that, inter alia:

    a.    It misapprehends the terms of the agreement between the parties;

    b.    It imposes terms of agreement which were never the subject of a meeting of the minds of the parties;

    c.    Fails to recognize that the recovery is barred by the statute of frauds;

    d.    Senorita failed to perform its obligations under the contract by furnishing Produce which was not in proper order and condition; and

    e.    Senorita is not entitled to any recovery against Bonafede.

15.    As a result of the failure of Senorita to properly perform its obligations under the agreement with Bonafede, Bonafede has suffered great loss and damage, including but not limited to lost profits, funds paid to Senorita and handling costs.

WHEREFORE, Bonafede demands that judgment enter against Senorta;

1.    Setting aside the Decision and Order in PACA Docket No. R-04-081;

2.    Awarding Plaintiff its loss and damage;

3.    Interest at the statutory rate (G.L. c. 231 §6C) from July 1, 2003;

4.    Reasonable attorney fees and costs; and

5.    Such other and further relief as this court deems meet and just.

                                    J. BONAFEDE CO., INC.
                                    By Their Attorneys
                                    OSBORNE & VISCONTI

                                    Andrew M. Osborne
                                    20 Eastbrook Road
                                    Dedham, MA 02026
                                    781-326-9766
                                    BBO#380455

## CERTIFICATE OF SERVICE

I, Andrew M. Osborne hereby certify that on the date set forth below I served the foregoing document by mailing a copy of the same first class mail, postage prepaid, return receipt requested to Senorita Fruit Corporation, Post Office Box 610482, Bayside, New York 11361 and to Dennis Celebi, President, Senorita Fruit Corporation 42-15 214th Place, Bayside, New York 11361.

Signed under the penalties of perjury.

November 3, 2004

_____
Andrew M. Osborne

UNITED STATES DEPARTMENT OF AGRICULTURE

BEFORE THE SECRETARY OF AGRICULTURE

| | | |
|---|---|---|
| Senorita Fruit Corp., | ) | PACA Docket R-04-081 |
| | ) | |
| | ) | |
| Complainant | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| J. Bonafede Co., Inc., | ) | |
| | ) | |
| | ) | |
| Respondent | ) | Decision and Order |

Preliminary Statement

This is a reparation proceeding under the Perishable Agricultural Commodities Act, 1930, as amended (7 U.S.C. § 499a et seq.). A timely complaint was filed in which Complainant seeks an award of reparation in the amount of $5,445.50 in connection with two truckloads of organic bananas shipped in the course of interstate and foreign commerce.[1]

Copies of the Report of Investigation prepared by the Department were served upon the parties. A copy of the formal complaint was served upon Respondent, which filed an Answer thereto, denying liability to Complainant.

The amount claimed in the formal complaint does not exceed $30,000.00. Therefore, the documentary method of procedure provided in the Rules of Practice (7 C.F.R. § 47.20) is applicable. Pursuant to this procedure, the verified pleadings of the parties are considered a part of the evidence in the case. In addition, the parties were

---

1 In its Opening Statement, Complainant reduces the amount which it is claiming is due from

given an opportunity to file evidence in the form of sworn statements. Complainant filed an Opening Statement. The parties were also given the opportunity to file Briefs. Neither party filed a Brief.

### Findings of Fact

1. Complainant, Senorita Fruit Corp., is a corporation whose post office address is P.O. Box 610482, Bayside, New York. At the time of the transactions involved herein, Complainant was licensed under the Act.

2. Respondent, J. Bonafede Co, Inc., is a corporation whose post office address is 29 New England Produce Center, Chelsea, Massachusetts. At the time of the transactions involved herein, Respondent was licensed under the Act.

3. On or about May 8, 2003, under invoice 322363, Complainant sold and shipped from loading point in Ecuador to Respondent in the State of Massachusetts, 790 cases of organic bananas at $7.35 per case, for a total f.o.b. price of $5,806.50.

4. On or about June 2, 2003, Respondent paid Complainant $3,690.00 for the load shipped under invoice 322363.

5. On or about May 16, 2003, under invoice 322361, Complainant sold and shipped from loading point in Ecuador to Respondent in the State of Massachusetts, 944 cases of organic bananas at $7.00 per case, for a total f.o.b. price of $6,608.00.

6. On or about June 23, 2003, Respondent paid Complainant $3,279.50 for the load shipped under invoice 322361.

7. The informal complaint was filed on August 13, 2003, which is within nine months from when the cause of action accrued.

Respondent to $4,034.00.

3

## Conclusion

Complainant brings this action to recover the remainder due of the alleged purchase prices for two truckloads of organic bananas sold to Respondent. Complainant asserts that the bananas were received and accepted by Respondent, but that Respondent has since refused to pay the remainder due of the invoice prices, which totals $5,445.50.

In response to Complainant's allegations, Respondent filed a sworn Answer wherein it maintains that it never entered into a contract, oral or written, with Complainant to purchase the bananas at a set price. Respondent explains that since Complainant was a newly formed company with little or no experience in the organic banana import business, and it had credit terms with Maersk Sealand, an ocean carrier, the parties agreed that Respondent would pay the ocean freight and inland freight and Complainant would receive any monies which were collected above and beyond the costs of importing and delivering the fruit to Respondent. Respondent also maintains that the parties agreed that if the fruit arrived in poor condition, the parties would share in the loss. Respondent states that the invoices submitted into evidence by Complainant are "wishful thinking and handwritten hopes" of what it might recover from the lots. Respondent states that it was never given any purchase order with a set price.

In response to Respondent's Answer, Complainant filed a notarized, but unsworn, Opening Statement. Complainant's Opening Statement is not sworn and therefore, cannot be afforded any evidentiary value.[2] However, Complainant's Opening Statement can be used to further elaborate on the issues between the parties. In its Opening Statement, Complainant maintains that Respondent's Mr. Fabio agreed to purchase the

---

2  *C.H. Robinson Co. v. ARC Fresh Food System, Inc.*, 50 Agric. Dec. 930 (1991); *Frank W. Prillwitz, Jr. v. Sheehan Produce*, 19 Agric. Dec. 1213 (1960).

fruit at market value and pay the freight and trucking charges to Chelsea, Massachusetts from Newark, New Jersey. Complainant states that it never agreed that it would only receive monies collected above the cost of importation, as to do so means that it would have been farming, packing and exporting over 30,000 pounds of bananas on the speculation of getting paid. Complainant states that to arrive at the price of $7.35 per box, as stated on the invoices, Complainant along with Mr. Fabio, calculated the cost of freight and the market value of organic bananas before export.

Complaint states that when the fruit in arrived in Chelsea, Massachusetts, it noticed very few ripe bunches in the two pallets with had been pulled out by the USDA and U.S. Customs for inspection. Complainant states that it saw no damage or ripe bunches in the rest of the containers. However, Complainant states that in effort to be a fair businessman, it will not charge Respondent for 4 pallets, or 192 cases. As a result, Complainant maintains that the total amount due and owing Complainant from Respondent is reduced to $4,034.00.

Respondent did not file a response to Complainant's Opening Statement.

As previously stated, Complainant asserts that the parties entered into an agreement in which Complainant sold to Respondent two truckloads of fresh organic bananas at agreed upon purchase prices which total $12,414.50. In support of these allegations, Complainant submitted into evidence copies of its invoices and copies of Respondent's checks for partial payment.[3] An examination of Complainant's invoices show handwritten quantities, prices per case, and total amounts due for each load. On each invoice, however, each of the figures are crossed out and replaced with different

---

3  See Formal Complaint, Exhibits 1-4.

quantities, prices per case, and amounts due. The revised amounts which are shown as being due correspond to the amount paid with each of Respondent's checks.

Respondent, on the other hand, maintains that the parties agreed that Complainant was to be paid only what was received above and beyond the costs of importing and delivering the fruit to Respondent. In addition, Respondent states that the parties agreed that if the fruit arrived in poor condition, which it did, the parties would share in the loss. In regard to the invoices submitted into evidence by Complainant, Respondent states that they are "wishful thinking and handwritten hopes of what he might recover from the lots".[4] Respondent maintains that it never received any documents stating a set price for the bananas.

In support of its allegations, Respondent submitted into evidence an account of sales, copies of freight bills and its purchase order for each load.[5] Each of Respondent's handwritten purchase orders show the quantity received, quantity ordered, and price per case.[6] We note that each of the purchase orders show that the original price per case is crossed-out and replaced with the same revised price per case as shown on the invoices submitted into evidence by Complainant.[7] The revised amounts shown on Respondent's purchase orders, match the revised amounts which are shown on Complainant's invoices and the amount which Respondent has paid Complainant for each of the loads.

Where the parties put forth affirmative but conflicting allegations with respect to the terms of the contract, the burden rests upon each to establish its allegation by a

---

4  See Respondent's Answer.
5  See Respondent's Answer, Exhibit s A - I.
6  See Respondent's Answer, Exhibit s D and I.
7  See Formal Complaint, Exhibit 1 and 3.

preponderance of the evidence.[8] Based on the evidence, we find that a preponderance of the evidence supports Complainant's contention that the parties entered into a contract at the agreed price of $7.35 per case for the bananas shipped under invoice 322363 and $7.00 for the bananas shipped under invoice 322361.

Respondent does not deny that it received and accepted the two loads of bananas. As a result, Respondent is liable to Complainant for the full purchase price thereof, less any damages resulting from any breach of warranty by Complainant.[9] Therefore, the burden of proof to show both a breach and damages rests upon Respondent. In this regard, although Respondent asserts that the bananas failed to arrive in good condition, a review of the file shows that it failed to submit evidence, such as a federal inspection, to show the exact condition of the loads upon arrival. As a result, we find that Respondent has failed to show that Complainant breached the contract of sale. Accordingly, Respondent is liable Complainant for the remainder due for the loads, or $4,034.00

Respondent's failure to pay Complainant the balance of $4,034.00 is a violation of Section 2 of the Act. Section 5(a) of the Act requires that we award to the person or persons injured by a violation of section 2 of the Act 'the full amount of damages sustained in consequence of such violations." Such damages include interest.[10] Since the Secretary is charged with the duty of awarding damages, he/she also has the duty,

---

8   Vernon C. Justice v. Eastern Potato Dealers of Maine, 30 Agric. Dec. 1352 (1971); Harland W. Chidsey Farms v. Bert Guerin, 27 Agric. Dec. 384 (1968).
9   Norden Fruit Co., Inc. v. E.D.P. Inc., 50 Agric. Dec. 1865 (1991); Granada Marketing, Inc. v. Jos. Notarianni & Company, Inc., 47 Agric. Dec. 329 (1988); Jerome M. Matthews v. Quong Yuen Shing & Co., 46 Agic. Dec. 1681 (1987).
10  Louisville & Nashville Railroad Co. v. Sloss Sheffield Co., 269 U.S. 217 (1925); Louisville & Nashville Railroad Co. v. Ohio Valley Tie Co., 242 U.S. 288 (1916).

where appropriate, to award interest.[11] Complainant in this action paid $300.00 to file its formal complaint. Pursuant to 7 U.S.C. § 499e(a), the party found to have violated Section 2 of the Act is liable for any handling fees paid by the injured party.

## Order

Within 30 days from the date of this order Respondent shall pay the Complainant, as reparation, $4,034.00, with interest thereon at the rate of 10% per annum from June 1, 2003, until paid, plus the amount of $300.00.

Copies of this order shall be served upon the parties.

Done at Washington, D. C.

OCT 0 4 2004

WILLIAM G. JENSON

_____
JUDICIAL OFFICER
Office of the Secretary

---

11   See Pearl Grange Fruit Exchange, Inc. v. Mark Bernstein Co., Inc., 29 Agric. Dec. 978 (1970); John W. Scherer v. Manhattan Pickle Co., 29 Agric. Dec. 335 (1970); and W.D. Crockett v. Producers Marketing Association, Inc., 22 Agric. Dec 66 (1963).