**USDA** United States Department of Agriculture | Agricultural Marketing Service | F & V Programs PACA Branch 202 720-2890 Fax 202 690-2815 | USDA AMS F & V PROGRAMS PACA Dispute Resolution Section 14TH & Independence Ave SW RM 2711 S STOP 0246 Washington, DC 20250-0242

October 29, 2004

In reply refer to:
File PACA N-03-1909
Docket R-04-081

CASE # 04-12334 RCL   COPY

J. Bonafede Co., Inc.
29 New England Produce Ctr.
Chelsea, MA 02150-1719

Gentlemen:

This refers to the reparation award issued against you under the Perishable Agricultural Commodities Act (PACA) in favor of Senorita Fruit Corp., Bayside, NY.

This is to remind you that the order becomes final on November 3, 2004. If it is your intention to appeal this decision, your appeal must be filed in the United States District Court by that date.

If an appeal is not filed and the order is not paid, your PACA license will be automatically suspended. The suspension will become effective close of business on November 9, 2004.

Please advise us of your intentions promptly.

**Complainant:** Please advise us in writing when the award has been paid or settled to your satisfaction, so that we may close our file.

Sincerely,

Thomas A. Leming
Head, Dispute Resolution Section
PACA Branch
Fruit and Vegetable Programs, AMS
Phone: (202) 720-2890
Fax:   (202) 690-2815

CC:   Senorita Fruit Corp.

AB*:ab

## Conclusion

Complainant brings this action to recover the remainder due of the alleged purchase prices for two truckloads of organic bananas sold to Respondent. Complainant asserts that the bananas were received and accepted by Respondent, but that Respondent has since refused to pay the remainder due of the invoice prices, which totals $5,445.50.

In response to Complainant's allegations, Respondent filed a sworn Answer wherein it maintains that it never entered into a contract, oral or written, with Complainant to purchase the bananas at a set price. Respondent explains that since Complainant was a newly formed company with little or no experience in the organic banana import business, and it had credit terms with Maersk Sealand, an ocean carrier, the parties agreed that Respondent would pay the ocean freight and inland freight and Complainant would receive any monies which were collected above and beyond the costs of importing and delivering the fruit to Respondent. Respondent also maintains that the parties agreed that if the fruit arrived in poor condition, the parties would share in the loss. Respondent states that the invoices submitted into evidence by Complainant are "wishful thinking and handwritten hopes" of what it might recover from the lots. Respondent states that it was never given any purchase order with a set price.

In response to Respondent's Answer, Complainant filed a notarized, but unsworn, Opening Statement. Complainant's Opening Statement is not sworn and therefore, cannot be afforded any evidentiary value.[2] However, Complainant's Opening Statement can be used to further elaborate on the issues between the parties. In its Opening Statement, Complainant maintains that Respondent's Mr. Fabio agreed to purchase the

---

2  *C.H. Robinson Co. v. ARC Fresh Food System, Inc.*, 50 Agric. Dec. 950 (1991); *Frank W. Prillwitz, Jr. v. Sheehan Produce*, 19 Agric. Dec. 1213 (1960).

fruit at market value and pay the freight and trucking charges to Chelsea, Massachusetts from Newark, New Jersey. Complainant states that it never agreed that it would only receive monies collected above the cost of importation, as to do so means that it would have been farming, packing and exporting over 30,000 pounds of bananas on the speculation of getting paid. Complainant states that to arrive at the price of $7.35 per box, as stated on the invoices, Complainant along with Mr. Fabio, calculated the cost of freight and the market value of organic bananas before export.

Complaint states that when the fruit in arrived in Chelsea, Massachusetts, it noticed very few ripe bunches in the two pallets with had been pulled out by the USDA and U.S. Customs for inspection. Complainant states that it saw no damage or ripe bunches in the rest of the containers. However, Complainant states that in effort to be a fair businessman, it will not charge Respondent for 4 pallets, or 192 cases. As a result, Complainant maintains that the total amount due and owing Complainant from Respondent is reduced to $4,034.00.

Respondent did not file a response to Complainant's Opening Statement.

As previously stated, Complainant asserts that the parties entered into an agreement in which Complainant sold to Respondent two truckloads of fresh organic bananas at agreed upon purchase prices which total $12,414.50. In support of these allegations, Complainant submitted into evidence copies of its invoices and copies of Respondent's checks for partial payment.[3] An examination of Complainant's invoices show handwritten quantities, prices per case, and total amounts due for each load. On each invoice, however, each of the figures are crossed out and replaced with different

---

[3] See Formal Complaint, Exhibits 1-4.